UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOYCE ELLEN DUTTON, ) | |
| ) | |
| Plaintiff, ) | No. 3:09-0014 |
| ) | Judge Echols/Brown |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted (DE 18), a motion for a more definite statement (DE 36), as well as several motions by the Plaintiff for extensions of time, requests to enter evidence into the record, and to add additional parties. (DE 25, 31, 32, 39, 41). Also pending are several orders by the Magistrate Judge directing the Plaintiff to file a complaint that complies with the Federal Rules of Civil Procedure 8, 9, and 10, as well as Local Rule 7.03. (DE 3, 22, and 24).

For the reasons stated below, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss (DE 18) be **granted**. The undersigned further **RECOMMENDS** that this action be dismissed without prejudice as to all Defendants as Plaintiff has failed to comply with this Court's order to file a complaint that complies with Federal Rules of Civil Procedure 8, 9

1

and 10, as well as Local Rule 7.03. (DE 24).

## I. BACKGROUND

On or about January 8, 2009, Plaintiff filed a complaint in this Court against multiple defendants, including many "John and Jane Does" as well as the State of Tennessee, Plaintiff's former roommate Shana Miller, the Nashville Police Department, TennCare, and her psychiatrist Dr. Greg Reyser.[1] The original complaint did not contain any clear allegations of misconduct or other basis for the suit. As such, on January 20, 2009, the Magistrate Judge issued an order suggesting that the Plaintiff seek some type of legal help and submit an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure and Local Rule 7.03, as her current pleading was impossible to follow. (DE 3). The Magistrate Judge stressed that the complaint should be a short and plain statement of the claim showing that the pleader is entitled to relief and should also include a demand for the relief sought. (DE 3).

In response, on February 13, 2009, the Plaintiff filed an amended complaint consisting of 301 pages, including exhibits which, while now mostly legible, were still impossible to follow. (DE 4). On April 7, 2009, Plaintiff filed a second amended complaint, also consisting of 301 pages including exhibits. (DE 8). The Magistrate Judge was still unable to ascertain what Plaintiff's causes of actions were, other than that it appeared to relate to hospitalizations at a mental heath facility in October 2008, January 2009, and February 2009. (DE 8). Plaintiff stated that her grounds for filing this action were 42 USC § § 1001, 1983, 1997, 14141, the Eighth and

---

[1] There may be additional parties as it is difficult to decipher the Plaintiff's writing. See DE 1, page 6.

Case 3:09-cv-00014 Document 42 Filed 06/04/09 Page 2 of 6 PageID #: 1366

Fourteenth Amendments, and the Bill of Rights. (DE 8). It also became clear that Plaintiff sought monetary damages in the amount of $400,000,000.00 and further requested that her medical records be sealed. (DE 8, 8-1 Page 1). Additionally, Plaintiff added the Wyoming Medical Center Hospital and the United States Federal Government as defendants. (DE 8-1 Page 1).

On April 30, 2009, the Magistrate Judge again expressed concern that Plaintiff's two amended complaints were not understandable and did not comply with Rule 8 of the Federal Rules of Civil Procedure. (DE 22). That same day, Plaintiff filed a motion for leave to file a "proper complaint pursuant to Fed. R. Civ. P. Rules 8, 9, 10." (DE 23). Plaintiff indicated that she has brain damages and that her psychiatrist had told her that after three or four attempts, "She can understand and get it right." (DE 23). On May 4, 2009, the Magistrate Judge, at Plaintiff's request, gave her "one last chance to enter a proper final complaint that complies with Federal Rules of Civil Procedure 8, 9, and 10, as well as Local Rule 7.03" by May 29, 2009. (DE 24). On May 20, 2009 and May 22, 2009, the Plaintiff appears to have requested "emergency 90 extension of time" due to a hospitalization. (DE 39 and DE 41). However, along with these requests, Plaintiff filed over 200 pages of more exhibits and "legal briefs" but no evidence of the hospitalization. (DE 39 and DE 41).

## II. LEGAL DISCUSSION

### A. <u>Standard of Review</u>

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson*

*v. Pardus*, 550 U.S. 89 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson*, 550 U.S. at 555. However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id.*; See also *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b) for failure to comply with a Court order. *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

## B. Analysis

Plaintiff has failed to coherently respond to the Defendants' Motion to Dismiss and has failed to comply with the Magistrate Judge's multiple orders for a more definitive statement. The Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and has clearly not given the defendant "fair notice of what

4

*v. Pardus*, 550 U.S. 89 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson*, 550 U.S. at 555. However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id.*; See also *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b) for failure to comply with a Court order. *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

## B. Analysis

Plaintiff has failed to coherently respond to the Defendants' Motion to Dismiss and has failed to comply with the Magistrate Judge's multiple orders for a more definitive statement. The Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and has clearly not given the defendant "fair notice of what

4

the...claim is and the grounds upon which it rests." *Erickson*, 550 U.S. at 555. Plaintiff has not alleged enough facts to state a claim so that relief is plausible, has not stated any elements of a cause of action and has not put forth any allegations that suggest a "right to relief above a speculative level." *Bell Atlantic*, 550 U.S. at 555-556.

Further, the Plaintiff has willfully failed to cooperate or is at least at fault for failing to provide a proper complaint, the Defendants are clearly prejudiced as they cannot respond to a complaint that does not clearly state any cause of action or provide any coherent facts or allegations, the Plaintiff was clearly warned on several occasions to file a proper complaint and was directed to the rules that she must follow, and Plaintiff was given several opportunities to amend her complaint before the Magistrate Judge recommended dismissal. *Tetro,* 173 F.3d at 988.

This action has been pending for almost five months and there is still not a coherent complaint. Both the Magistrate Judge and the Defendants are unclear as to what Plaintiff is alleging are her causes of action or what the basis is for her request for monetary damages, despite the fact that Plaintiff has filed over a thousand pages in this matter. While Plaintiff has requested further extensions of time due to hospitalization, the Plaintiff has not provided any evidence of hospitalization, even though hundreds of pages were filed with the request. Further, the Plaintiff has already had numerous extension to file an amended complaint and, as stated previously, it has been five months since this action was filed. As such, the Magistrate Judge recommends that this case be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss (DE 18) be **granted**. The undersigned further **RECOMMENDS** that this

5

Case 3:09-cv-00014  Document 42  Filed 06/04/09  Page 5 of 6 PageID #: 1369

action be dismissed without prejudice as to all Defendants as Plaintiff has failed to comply with this Court's order to file a complaint that complies with Federal Rules of Civil Procedure 8, 9 and 10, as well as Local Rule 7.03. (DE 24).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 4th day of June 2009.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

6