UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOYCE ELLEN DUTTON, | ) |
| | ) |
| Plaintiff, | ) No. 3:09-0014 |
| v. | ) JUDGE ECHOLS |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on June 4, 2009 (Docket Entry No. 42), recommending that the Court grant the State's Motion to Dismiss (Docket Entry No. 18), to which the *pro se* Plaintiff Joyce Dutton did not file a response. The Magistrate Judge recommends that this Court dismiss the case without prejudice as to all Defendants because Plaintiff failed to comply with the Magistrate Judge's Orders to file a complaint that complies with Federal Rules of Civil Procedure 8, 9, and 10, as well as Local Rule 7.03. Plaintiff filed objections to the R&R and moved for recusal of this Court and of Magistrate Judge Joe B. Brown. (Docket Entry No. 44.) Magistrate Judge Brown denied the motion to recuse as it applied to him. (Docket Entry No. 45.) Having reviewed the file, this Court identifies no reason why it should recuse itself from the case, and Plaintiff's motion to recuse the undersigned is hereby DENIED.

Federal Rule of Civil Procedure 72(b) requires a party to make "specific written objections to the proposed findings and recommendations." When a party makes such objections, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

1

consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

In her objections, Plaintiff reminds the Court of the applicable standard for reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a standard with which the Court is very familiar. Plaintiff also points out that exhibits attached to her complaint and amended complaints should be considered part of her pleadings. She also claims that, in a letter sent to the Tennessee Attorney General, she complied with the Federal Rules by numbering the paragraphs and writing in small, concise sentences with dates and times supported by case law.

Even construing Plaintiff's original complaint, the two amended complaints, and the hundreds of pages of filings in a light most favorable to Plaintiff, the Court agrees with the Magistrate Judge that Plaintiff has not filed a complaint that complies with Rules 8, 9, and 10 or Local Rule 7.03. Plaintiff's allegations are very difficult to decipher, if they can be deciphered at all, and even though she attempted on three occasions to file a proper complaint, her filings do not include a cohesive, understandable statement of facts to support recognizable legal claims. The Defendants are unable to respond to Plaintiff's pleadings in a proper manner, and without any clue as to the substance of Plaintiff's claims, the Court is unable to manage litigation of the case.

Plaintiff indicates that she did not receive a copy of the Magistrate Judge's May 4, 2009 Order (Docket Entry No. 24), in which Magistrate Judge Brown provided Plaintiff with a fourth and last opportunity to file a proper complaint in accordance with the Rules. The docket sheet indicates that a copy of the Order was sent to Plaintiff by certified mail and by regular first-class mail. The docket sheet does not indicate that the Court received a certified mail return receipt signed by the Plaintiff. In her objections, however, Plaintiff acknowledges that she requested a further ninety-day extension of time to file a proper complaint "BEFORE the May 29, 2009 deadline[,]" which seems

to indicate Plaintiff may have received a copy of the May 4, 2009 Order by regular first-class mail and knew that the Magistrate Judge had imposed a May 29, 2009 deadline for filing a proper complaint.

Even assuming Plaintiff did not receive a copy of the Magistrate Judge's Order, further extensions of time are unwarranted. Plaintiff has had four chances to file a proper and understandable complaint, as detailed in the R&R, but despite Plaintiff's efforts and the passage of six months from the date of the original filing of the case, Plaintiff is no closer to filing a coherent statement of facts and legal claims. Therefore, the Magistrate Judge's recommendation to dismiss the suit without prejudice against all Defendants is a proper recommendation. Accordingly,

(1) Plaintiff's motion asking this Court to recuse (Docket Entry No. 44) is hereby DENIED;

(2) the R&R (Docket Entry No. 42) is hereby ACCEPTED;

(3) Plaintiff's objections to the R&R (Docket Entry No. 44) are hereby OVERRULED;

(4) the State's Motion to Dismiss (Docket Entry No. 18) is hereby GRANTED;

(5) all other pending motions are hereby DENIED AS MOOT;

(6) this case is hereby DISMISSED WITHOUT PREJUDICE against all Defendants for Plaintiff's failure to file a proper, understandable complaint in compliance with Federal Rules of Civil Procedure 8, 9, and 10, Local Rule 7.03, and the Orders of the Magistrate Judge; and

(7) entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE